```
                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON

DEBBIE EMOND,                    )
                                 )  No. CV-05-0300-CI
          Plaintiff,             )
                                 )  ORDER GRANTING IN PART
v.                               )  PLAINTIFF'S MOTION FOR SUMMARY
                                 )  JUDGMENT AND REMANDING FOR
JO ANNE B. BARNHART,             )  ADDITIONAL PROCEEDINGS
Commissioner of Social           )  PURSUANT TO SENTENCE FOUR OF
Security,                        )  42 U.S.C. § 405(g)
                                 )
          Defendant.             )
                                 )
```

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 16, 19) submitted for disposition without oral argument on June 5, 2006. Attorney Maureen Rosette represents Plaintiff; Special Assistant United States Attorney Carol A. Hoch represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment and remands to the Commissioner for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff was 48-years-old at the time of the administrative hearing, a high-school graduate with past work as a food handler, secretary and telephone solicitor. She protectively filed an

application for Supplemental Security Income (SSI) benefits on October 20, 2000, alleging disability due to back and foot problems.[1] (Tr. 118.) Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge (ALJ) Donald P. Krainess in Seattle, Washington. (Tr. 101, 536.) At the hearing, Plaintiff testified she also suffered from stomach problems (Barrett's syndrome) for which she took medication,

---

[1] Plaintiff filed a prior application for benefits on March 30, 1999. (Tr. 61, 372.) The ALJ in the prior proceedings denied benefits on September 5, 2000 (Tr. 61-68), and Plaintiff re-filed in October 2000. The September 5, 2000, determination was not appealed and is, thus, final and binding. ALJ Krainess declined to reopen Plaintiff's prior application. (Tr. 51.) The first ALJ's findings are entitled to some *res judicata* consideration in these proceedings. *Chavez v. Bowen*, 844 F.2d 691, 694 (9th Cir. 1988). This is predicated on the "[p]rinciples of finality and fundamental fairness drawn from [42 U.S.C. ] § 405(h)," *Lively v. Secretary of Health and Human Services*, 820 F.2d 1391, 1392 (4th Cir. 1987), which states that the "findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing." 42 U.S.C. § 405(h). *Res judicata* and the related concept of collateral estoppel also prevent the claimant from re-litigating issues which were decided in the prior claim. To overcome a presumption of continuing non-disability arising from the first ALJ's findings, the claimant must prove "changed circumstances" indicating a greater disability or new disabling impairments. *Chavez*, 844 F.2d at 693.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 2

emphysema, anemia, some depression and fatigue. (Tr. 545-47.) On July 10, 2002, the ALJ denied benefits; review was denied by the Appeals Council on August 22, 2005, after reviewing post-hearing evidence submitted by Plaintiff's new representative. (Tr. 27.) This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

## ADMINISTRATIVE DECISION

The ALJ concluded Plaintiff had not engaged in substantial gainful activity and suffered from the severe impairments of bilateral plantar fasciitis, mild to moderate degenerative disc disease and Barrett's esophagitis, but those impairments did not meet the Listings.[2] (Tr. 52, 56.) The ALJ found Plaintiff's depression was not a "severe" impairment. (Tr. 52.) Plaintiff's testimony was found not fully credible. The ALJ found Plaintiff had a residual functional capacity to perform a significant range of sedentary work with postural limitations, but was unable to perform her past relevant work. (Tr. 56.) Considering testimony from vocational expert Dr. Batchelder-Stewart, the ALJ found Plaintiff was able to perform a significant number of jobs in the national economy and, thus, was not under a disability as defined by the Social Security Act. (Id.)

---

[2] The court notes an internal inconsistency in the ALJ's decision that should be resolved on remand. In the body of the decision at Tr. 52, the ALJ found Plaintiff's Barrett's esophagitis "severe"; in the "Findings" section at Tr. 56, the Barrett's esophagitis, chronic obstructive pulmonary disease and depression were found not "severe."

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 3

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff contends the ALJ erred when he (1) denied Plaintiff's request for additional time to obtain attorney representation; (2) failed to fully develop the record; (3) improperly rejected her treating physician's opinions; (4) improperly rejected Plaintiff's testimony; and (5) posed an incomplete hypothetical to the vocational expert. (Ct. Rec. 17 at 13-15.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 4

requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**DISCUSSION**

A.  Representation by Counsel

Plaintiff asserts she was not given proper opportunity to seek representation for her hearing. Defendant responds that good cause did not exist for additional postponement and the ALJ's refusal to do so was appropriate. Defendant further asserts Plaintiff has not shown unfairness or prejudice to warrant remand. Plaintiff's attorney representative, Kathleen Kilcullen, was appointed June 5, 2001. (Tr. 97.) She formally notified Plaintiff and the agency of

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 5

her withdrawal on March 5, 2002, due to the agency's refusal to transfer the case to Spokane from Seattle, Washington. (Tr. 99.) Plaintiff was notified on March 27, 2002, of the ALJ hearing set for April 15, 2002, in Seattle. (Tr. 107). On April 4, 2002, the ALJ reset the hearing to May 7, 2002, to allow Plaintiff time to find local counsel, which she did not accomplish. (Tr. 539.) Plaintiff requested a second postponement when she appeared at the May 7 hearing, which the ALJ denied. (Id.) Plaintiff asserts that, contrary to the ALJ's finding that she chose to proceed without representation, she was denied an opportunity to seek counsel, and the ALJ's denial is grounds for remand. (Ct. Rec. 17 at 14-15).

While representation by counsel is not required in social security proceedings, an unrepresented claimant is entitled to "scrupulous and conscientious probing" by the ALJ into all relevant facts. *Vidal v. Harris*, 637 F.2d 710 (9th Cir. 1981). This includes facts and circumstances that are favorable as well as unfavorable to claimant. *Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978). Further, where Plaintiff is unrepresented, the ALJ has a heightened duty to fully develop the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). To warrant remand due to absence of counsel, Plaintiff must demonstrate prejudice or unfairness in the administrative hearings. *Vidal,* 637 F.2d at 713; *Hall v. Secretary of Health, Ed. and Welfare*, 602 F.2d 1372, 1378 (9th Cir. 1979). The issue, therefore is not so much whether remand is necessary because Plaintiff was denied unduly an opportunity to seek counsel, but whether the ALJ met his heavy burden of scrupulous examination, inquiring into all relevant facts, in the absence of counsel.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 6

*Vidal*, 637 F.2d at 714 (c*iting Cox*, 587 F.2d at 991). For the reasons discussed below, the court finds that burden was not met.

B.  Medical Evidence

In addition to records considered in ALJ Nichols' October 2000, decision (Tr. 63-64, 342),[3] the evidence before ALJ Krainess on May 7, 2002, included medical records from treating physician Scott Shaaf, D.O., covering August 30, 1999 through January 24, 2001, and a three page Physical Evaluation form from treating physician James Grabill, M.D., dated June 15, 2001. (Tr. 158-69, 187-90.) Dr. Shaaf's clinical notes indicate Plaintiff was on muscle relaxant and anti-inflammatory therapy for her low back pain, and her back condition was improving with medication and a home exercise program. (Tr. 159.) He also noted Plaintiff had hurt her shoulder in a fall, but no further complications were noted due to this injury. (Tr. 160-61.) Dr. Shaaf's records did not include treatment notes for Plaintiff's plantar fasciitis.

Dr. Grabill's evaluation indicates Plaintiff's plantar fasciitis was causing marked impairment and her back problems causing moderate impairment in her ability to perform work-related activities. (Tr. 187.) However, other than a range of motion chart, there were no clinical notes submitted to explain this assessment. Although treating physician Grabill did not complete a formal RFC assessment, in June 2001, he opined that Plaintiff's feet and back conditions caused significant to very significant

---

[3] In those proceedings, ALJ Nichols found Plaintiff not disabled at any time through the date of his decision September 5, 2000. *See supra,* n.1.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 7

interference with her ability to perform one or more basic work-related activities. (Id.)  This opinion is consistent with his opinions of record in the prior proceedings.  (Tr. 498-504.) Plaintiff asserts Dr. Grabill's opinions were improperly rejected. (Ct. Rec. 17 at 13.)

The record reviewed by ALJ Krainess also includes a Residual Functional Capacity (RFC) assessment form completed by an agency adjudicator and affirmed by a non-examining agency physician on April 4, 2001.  The non-examining physician found Plaintiff's allegations of back and foot problems credible.  He determined she had the ability to stand and walk for two hours in an eight hour day, sit with normal breaks for six hours in an eight hour day, and lift 20 pounds occasionally, 10 pounds frequently, with several postural limitations.  (Tr. 174-79.)

A prescription form from Barry Tanne, M.D., dated May 6, 2002, with the written words: "Barrett's esophagitis COPD" also was included in the record. (Tr. 192.)[4]

At the hearing on July 10, 2002, the Plaintiff testified that her back and foot problems prevented her from walking or standing

---

[4] Plaintiff submitted additional medical records after the ALJ hearing (Tr. 10-24, 37-47), which were considered by the Appeals Council on review. (Tr. 4A, 5.)  Evidence which is reviewed by the Appeals Council is part of the record for review by district court. *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).  However, since the case is being remanded for further development of the record and additional proceedings during which these records will be reviewed, the court will not discuss these records at this time.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 8

longer than one half hour to an hour without a 10 or 15 minute break. (Tr. 544.) She stated she could sit one half hour to 45 minutes due to her disc disease and arthritis, and could only lift 20 pounds occasionally. (Tr. 544-45.) When the ALJ questioned her about her other physical ailments, she testified that she had Barrett's, emphysema and anemia. (545.) She stated her daily activities were limited to sitting in the sun, reading, some cooking and household chores. She stated the pain from her feet and back prevented her from sleeping and made her depressed. (Tr. 546-49.)

In his decision, ALJ Krainess stated, "[o]n June 15, 2001, James R. Grabill, M.D., completed a DSHS physical evaluation. Although he was basically treating her bilateral foot problems, he indicated in a range of motion study that the claimant had a limited range of motion in her back. However, he did not identify any workplace restrictions." (Tr. 53.) This finding is not supported by substantial evidence. As discussed above, Dr. Grabill opined that Plaintiff's impairments significantly interfered with her ability to work. (See Tr. 187-88.) Where a contradicted treating physician's medical opinion is not rejected by specific and legitimate reasons supported by the record, that opinion is credited "as a matter of law." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (*citations omitted*). Further, the ALJ found that "[n]one of the claimant's treating physicians rated the claimant's residual functional capacity." (Tr. 54.) He then based his finding that Plaintiff can perform sedentary work with postural limitations on the non-examining physician's opinions in the agency RFC assessment. (Id.) This is error.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 9

The opinion of a non-examining agency physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, 81 F.3d at 831 *(citing Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990)). Further, as discussed above, where the claimant is unrepresented, the ALJ has a duty to fully develop the record. Here, the ALJ found the record incomplete in that there were no current RFC assessments by treating or examining physicians. (Tr. 54.) The ALJ's own finding that the record was inadequate to allow for proper evaluation of the evidence triggers the duty to develop the record. *Tonapetyan*, 242 F.3d at 1150. The court also notes that Dr. Schaaf's most recent report is from January 2001, over one year prior to the hearing. (Tr. 159.) Thus, the ALJ had a duty to either continue the matter for further evaluations, keep the record open for supplemental evidence, or subpoena Dr. Grabill and Dr. Shaaf to testify at the hearing. *Id.*

In sum, the ALJ did not meet the heavy burden of scrupulous inquiry when he proceeded without allowing Plaintiff extra time to seek counsel. Plaintiff was prejudiced in the proceedings without counsel to assist her in supplementing the medical record. The medical record before the ALJ was not adequate to support a finding of non-disability, and the ALJ's own finding of incompleteness triggered the duty to more fully develop the record. Further, his reliance on the non-examining physician's opinion by itself, and his failure to articulate specific and legitimate reasons for rejecting Dr. Grabill's opinion are cause for reversal.

C.  <u>Vocational Expert Testimony</u>

Plaintiff contends the ALJ did not include all of her limitations in his hypothetical; thus, the vocational expert testimony is not substantial evidence. (Ct. Rec. 17 at 14.)

The ALJ presented the following hypothetical:

> [An individual with] some back and foot problems, perhaps some others as well, but of course from a vocational standpoint, the significant thing is what are the limitations, and I'll ask you to assume that she's capable of occasionally lifting 20 pounds, frequently ten, and she's limited in standing and walking to at least two hours, but not substantially more than two, in an eight hour work day, but she can sit for about six hours in a eight hour work day. She has some postural limitations and these are that she must never be on ladders, ropes or scaffolds, and she's occasionally limited in the following areas: climbing of ramps or stairs, stooping, crouching and crawling.

(Tr. 551.)

In *Cotton v. Bowen,* 799 F.2d 1403 (9th Cir. 1986), the court established the *Cotton* test in the analysis of subjective symptom testimony. The *Cotton* test requires the Plaintiff to (1) produce objective medical evidence of an impairment, and (2) show that the impairment could reasonably be expected (not that it did in fact) to produce some degree of symptom."[5] *Cotton*, 799 F.2d at 1407-08. Once the *Cotton* test is met, the ALJ must evaluate the credibility of the claimant. If there is no evidence of malingering, the ALJ can reject the claimant's testimony only with specific, "clear and convincing" reasons. *Smolen v. Chater*, 80 F. 3d 1273, 1281 (9th Cir.

---

[5] The ALJ may call a medical expert to review the entire record and advise whether a claimant's condition would be reasonably expected to produce alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b).

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 11

1996).

Here, Plaintiff's severe plantar fasciitis and back problems could easily produce some degree of pain. An adjudicator "may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991)(en banc); 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). Although credibility determinations are the province of the ALJ, *Fair v. Bowen*, 885 F.2d. 597, 604 (9th Cir. 1989), the ALJ must be sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's testimony. *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002); *Morgan*, 169 F.3d at 600 (specific reasons for credibility findings must be articulated and "grounded in the evidence"); *see also Bunnell*, 947 F.2d at 345-46. If the credibility finding is a critical factor in the ALJ's decision, it should be as comprehensive and analytical as feasible, and the finding should be explicit whether the Secretary believed or disbelieved the claimant. *Lewin v. Schwenker*, 654 F.2d 631, 635 (9th Cir. 1981) (*quoting Baerga v. Richardson,* 500 F.2d 309 (3d Cir. 1974), *cert denied*, 420 U.S. 931(1975). "In addition, the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Here, Plaintiff's testimony that her back pain limited her ability to sit for more than 45 minutes contrasts significantly with the non-examining physician's opinion that she could sit up to six

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 12

hours. The ALJ found Plaintiff's statements regarding her back and feet impairments and their impact on her ability to work "not wholly credible." He reasoned that:

> The record does not indicate that any of her treating physicians has recommended the use of a cane. She said that when her pain is very bad she takes Darvocet. As noted above, the current records indicate she mostly takes anti-inflammatory medication or aspirin, which have helped improve her back pain significantly. Further, she testified that she lives in a recreational vehicle bus with her boyfriend. She sits in the sun reading mystery books, sweeps the floor, and they share the cooking. She is also able to drive. The claimant has also stated in the a[sic] daily activities report that she can lift and carry ten pounds, can occasionally do bending and can frequently do reaching, handling, and fingering motions. I find these abilities consistent with sedentary activity.

(Tr. 54)(citations to the record omitted.)

Although the record includes evidence that might be a basis for a rejection of Plaintiff's pain allegations, without the assertion of specific reasons by the fact-finder, the court cannot assume Plaintiff's lack of credibility. *See Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003). In his credibility finding, the ALJ did not specifically address Plaintiff's statements that her pain and fatigue restrict her ability to sit for more than 45 minutes at a time. (Tr. 544.) Without proper rejection of Plaintiff's pain and fatigue testimony, that testimony may credited as true. *See Lester*, 81 F.3d at 841. If credited as true, limitations caused by pain and fatigue should be included in the hypothetical question presented to the vocational expert at step five in determining whether a claimant is able to perform work in the national economy. Vocational expert testimony based on an incomplete hypothetical is not substantial evidence on which to find a claimant not disabled. *DeLorme v.*

*Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991) (*citing Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988).

Here, the ALJ presented only one hypothetical to the vocational expert, which did not include pain or fatigue or other limitations to the degree alleged by Plaintiff. This was error to the extent her allegations are credited as true. Where the Plaintiff was unrepresented, and as the hearing transcript reflects, limited in her understanding of the proceedings, the ALJ had a duty to explore all relevant facts in questioning the vocational expert, even those favorable to the Plaintiff. *Tonapetyan*, 242 F.3d at 1150. Without counsel to question the vocational expert on behalf of Plaintiff, it was the ALJ's duty to pose an additional hypothetical with the pain and fatigue limitations she alleged. The ALJ also should have asked Plaintiff what, if any, symptoms she suffered as a result of her Barrett's (which he found to be a severe impairment), COPD and anemia, in an attempt to elicit information that counsel, if present, would have wanted presented to the ALJ and the vocational expert. Without this "scrupulous probing," the proceedings were prejudicial to Plaintiff within the meaning of the case law. *Vidal,* 637 F.2d at 714-15 (where unrepresented by counsel, claimant was prejudiced by ALJ's inadequate examination of vocational expert).

D.   <u>Remedy</u>

Plaintiff requests the court to remand for the immediate payment of benefits. Case law requires an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [a medical opinion], (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 14

clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman*, 211 F.3d at 1178 (*citing Smolen*, 80 F.3d at 1292). The court has some flexibility in determining whether to apply the "crediting as true" theory to remand for an immediate award of benefits or for additional administrative proceedings. *Connett,* 340 F.3d at 876. Here, where the record is incomplete, questions remain regarding the severity of Plaintiff's existing and new impairments and her RFC.

**CONCLUSION**

The court remands the case to the Commissioner for further development of the record, including updated medical records and RFC assessments from treating and/or examining physicians, and other evaluations as deemed necessary. The ALJ will take new vocational expert testimony and reassess Plaintiff's impairments, credibility, and RFC in light of the entire record. Plaintiff may retain counsel and submit additional evidence. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED IN PART;** the cause is **REMANDED** for additional proceedings as discussed above and pursuant to sentence four of 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 19)** is **DENIED.**

3. Any application for attorney fees shall be made by separate motion.

4. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 15

1 | The file shall be **CLOSED** and judgment entered for Plaintiff.
2 | DATED July 12, 2006.
3 |
4 |        <u>S/ CYNTHIA IMBROGNO</u>
       UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 16